UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jesse M. Garcia, et al.,                              Case No. 3:23-cv-497

           Plaintiffs,

    v.                                                 ORDER

Gelco Fleet Trust, et al.,

           Defendants.

On March 13, 2023, Plaintiffs filed this action alleging this court has original diversity jurisdiction over the matter. (Doc. No. 1). But Plaintiffs' counsel has failed to state sufficient jurisdictional allegations to invoke this court's diversity jurisdiction.

For a district court to have original diversity jurisdiction over a case, complete diversity must exist between the parties to the dispute. 28 U.S.C. § 1332(a). To satisfy the diversity jurisdiction requirements, the dispute must be between citizens of different states. 28 U.S.C. § 1332(a)(1).

Plaintiffs assert complete diversity exists because they are citizens of Ohio and neither Defendant is a citizen of Ohio. (Doc. No. 1 at 2). In support, Plaintiffs allege, "Defendant Gelco Fleet Trust is a Michigan corporation incorporated under the laws of the State of Delaware with its principal place of business in East Lansing, Ingham County, Michigan." (*Id.*). But a search of the Delaware Division of Corporations database shows Gelco Fleet Trust is, as its name suggests, a statutory "trust," not a corporation.

Under Delaware law, a "statutory trust" is an "unincorporated association … under which property is or will be held, managed, administered, controlled, invested, reinvested and/or operated, or business or professional activities for profit are carried on or will be carried on, by a trustee or trustees or as otherwise provided in the governing instrument for the benefit of such person or persons as are or may become beneficial owners… ." Del. Code. tit. 12, § 3801(i).

Because Gelco Fleet Trust is an unincorporated entity, "it possesses the citizenship of all its members." *Americold Realty Trust v. Conagra Foods, Inc.*, 577 U.S. 378 (2016). In the case of a Delaware statutory trust, those "members" are considered to be those with an "ownership interest, legal or beneficial, in the trust property." *See, e.g., MSR Trust v. Nationstar Mortgage LLC*, No. 21-cv-3089, 2021 WL 4200720, at *5-*10 (S.D.N.Y. Sept. 15, 2021). Therefore, to determine the citizenship of Gelco Fleet Trust, all individuals and entities with an ownership interest in the trust property must be known.

To maintain this action in federal court, Plaintiffs must supplement the Complaint by filing an affidavit of jurisdiction on or before June 15, 2023. In the affidavit, Plaintiffs shall identify all individuals and entities with an ownership interest in the property of Gelco Fleet Trust. If any entity is itself unincorporated, Plaintiffs must also identify that entity's sub-"members" (e.g., if the entity is an LLC, Plaintiffs must identify each member and sub-member of the LLC). Plaintiffs shall then state jurisdictional allegations sufficient for me to determine the citizenship of each individual or entity (e.g., the domicile of individuals, the place of incorporation and principal place of business of corporations). To be clear, jurisdictional allegations must be stated for every sub-member of an unincorporated entity as well.

I urge Plaintiffs to confer with Gelco Fleet Trust to acquire this information so that the matter may be resolved as soon as possible. Should Plaintiffs require any extension of the deadline to file the affidavit of jurisdiction, the motion shall detail Plaintiffs' efforts to obtain the information

in sufficient time to comply with this Order. This shall include attempts to contact Gelco Fleet Trust.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge